IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Hommer T. Mills, | ) | C/A No.: 1:13-792-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on Plaintiff's motion for attorney's fees. [Entry #28]. On August 12, 2014, the court reversed the Commissioner's decision denying Plaintiff's claim for social security disability benefits and remanded the case for further administrative proceedings pursuant to sentence four 42 U.S.C. § 405(g). [Entry #26]. Plaintiff filed a timely request for fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("the EAJA"), in the amounts of $4,731.11 for fees (18.2 hours at a rate of $191.27 per hour for a total of $3,481.11 for Robertson Wendt and 10 hours at a rate of $125.00 per hour for a total of $1,250.00 for Geoffrey Wendt) and $350.00 for costs. [Entry #28]. Plaintiff and the Commissioner have agreed to an award of $4,731.11 in attorneys' fees and $350.00 in costs. [Entry #29].

    Accordingly, the court grants the motion and directs the Commissioner to pay Plaintiff a total of $5,081.00, which represents attorneys' fees in the amount of $4,731.11 and costs in the amount of $350.00. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees,

costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528–29 (2010), the EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). In the event Plaintiff has no present debt subject to offset and Plaintiff has executed a proper assignment to her counsel, Defendant is directed to make the payment due herein to Plaintiff's counsel. If Plaintiff has no present debt subject to offset and no proper assignment has been made by Plaintiff to her counsel, Defendant is directed to make the check payable to Plaintiff and to deliver the check to Plaintiff's counsel.

IT IS SO ORDERED.

September 25, 2014                                Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge